```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                                     Case No. 19-01266-HWV
Sharon Mossie Winters                                                      Chapter 7
         Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-1          User: admin                 Page 1 of 1                  Date Rcvd: Jul 26, 2019
                              Form ID: 318                Total Noticed: 13
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 28, 2019.
```
db              +Sharon Mossie Winters,    934 East Poplar Street,    York, PA 17403-1747
5178465         +Clearfield Motors,    4048 Carlisle Rd,,   Dover, PA 17315-3508
5178467          Financial Recoveries,    PO Box 1388,    Mount Laurel, NJ 08054-7388
5178469          Peerless Credit Services, Inc.,    PO Box 518,    Middletown, PA 17057-0518
5178473         +Toyota Motor Credit Company,    PO Box 9013,    Addison, TX 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr              +EDI: PRA.COM Jul 26 2019 23:08:00       PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5178464          EDI: CAPITALONE.COM Jul 26 2019 23:08:00       Capital One Bank USA, NA,    PO Box 30285,
                 Salt Lake City, UT 84130-0285
5178466         +EDI: RCSFNBMARIN.COM Jul 26 2019 23:08:00       Credit One Bank, NA,    PO Box 98875,
                 Las Vegas, NV 89193-8875
5178468          EDI: AGFINANCE.COM Jul 26 2019 23:08:00       OneMain Financial,    601 NW 2nd Street,
                 PO Box 3251,    Evansville, IN 47731-3251
5179671         +EDI: RMSC.COM Jul 26 2019 23:08:00       Synchrony Bank,   c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
5178470          EDI: RMSC.COM Jul 26 2019 23:08:00       Synchrony Bank / Amazon,    Attn: Bankruptcy Department,
                 PO Box 965060,    Orlando, FL 32896-5060
5178471          EDI: RMSC.COM Jul 26 2019 23:08:00       Synchrony Bank / Care Credit,
                 Attn: Bankruptcy Department,    PO Box 965060,    Orlando, FL 32896-5060
5178472          EDI: RMSC.COM Jul 26 2019 23:08:00       Synchrony Bank / Walmart,    Attn: Bankruptcy Department,
                 PO Box 965060,    Orlando, FL 32896-5060
                                                                                                TOTAL: 8

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 28, 2019                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 26, 2019 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              Lawrence V. Young (Trustee)    lyoung@cgalaw.com,
               pa33@ecfcbis.com;tlocondro@cgalaw.com;rminello@cgalaw.com
              Paul Donald Murphy-Ahles    on behalf of Debtor 1 Sharon Mossie Winters pmurphy@dplglaw.com,
               kgreene@dplglaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Sharon Mossie Winters** | Social Security number or ITIN   xxx–xx–6170 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Middle District of Pennsylvania | | |
| Case number:   1:19–bk–01266–HWV | | |

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Sharon Mossie Winters

**By the court:**   *[signature]*

7/26/19

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**